May it please the Court, Albert Chow for the Petitioner Ji Cai Zhang. Your Honours, this is an asylum case and the main issue in this case is whether or not the harm that was suffered by the Petitioner is based upon one of the five enumerated grounds. And in this particular case, the one ground that we are focusing on is political opinion. And in this particular case, we believe that this, that the harm that was suffered by Petitioner was on account of political opinion. And that particular political opinion was the Petitioner's opposition to a State-owned enterprise's treatment of its workers. In this particular case, the facts of these of this case, the Petitioner was Is it political merely because it's State-owned? Is that what makes it a political opinion? Not merely because it is State-owned, but that is part of the reason why is because his direct opposition to the government, to the State-owned enterprise's treatment of its workers. Is it even clear that he knew it was State-owned at the time? Yes, I believe in his statement he stated that it was a joint venture between a State-owned enterprise and a private-owned enterprise. That is in his original statement. It is. And in this particular case, the facts of this case are undisputed. He was a of that particular company did not receive or received only half wages for six months. And many of the workers that were, I guess, injured on the job were simply terminated without any type of benefits. And so the workers had attempted to solve this problem by sending a small delegation and were turned away. And so their only recourse was to demonstrate against this type of treatment. And for that, police were brought in. And approximately about a third of the demonstrators were eventually arrested. And the petitioner in this case was one of the people who were arrested. And during his arrest and detention, he was interrogated about who were the organizers of this demonstration, who were the leaders of this group. And then he was summarily beaten by the police in attempting to elicit this information because he would not state. Apart from the fact that the enterprise was partly owned by the government, it's very tough to see where there is anything political going on because he never expressed a political opinion himself. It doesn't show that anybody kind of basically thought he was being political. And they were obviously very ticked at the company for having not reinstated wages and for their health plan. That's true. But the Ninth Circuit has said on many times that actions as well as words may express political opinion. And in this particular case, we believe that the political opinion is implied or imputed to those who are expressing their opposition to government policy. Excuse me. Go ahead. Can you cite any case that comes close to holding that, say, a dispute over working conditions is a political, has a political element to it? Your Honor. What's your best case? We did cite a case in our brief. It's actually a Second Circuit case, Osorio v. INS. It's not binding upon discourse, but it's persuasive. In that particular case, the BIA had denied that case because they characterized that demonstration as being purely economical. Sure. But that would be the plaintiff, the Petitioner involved in that case was a, an independent trade union worker who was known for taking positions over a long period of time, contrary to the government's position. Very different. Yes, that's true. And what the Second Circuit said in that case, and let me quote that, is they're saying that when they were speaking about Osorio, they said that he challenged the political status quo because he was elected to represent the interests of his constituents. And he said these interests include better terms, conditions of employment, higher wages, and the interests also include attainment of civil liberties, particularly where the employer is the government. Across the board with the Guatemalan or whatever government it was. Correct. And part of the reason why they said that this, that they considered this to be political opinion is because they said that these activities, the demonstrations, they said were, the government viewed them as subversive and this was evidence of the persecutor's motive. And that's one of the reasons why the Second Circuit found that that, in that case, that that was a political opinion. And I think that's analogous to what we have here. Now, it's undisputed that the Petitioner is not a leader, that he is merely a follower. But clearly that the, if you want to take the leader's opinions were imputed to the Petitioner in this case, and especially since one of the reasons why they had, you know, why they had beaten him was to find out who were the leaders, who were the organizers of this particular demonstration. And they didn't ask him any questions about any of his opinions, did they? No, they did not ask questions about the opinions. I mean, they didn't seem to even care about his opinions. They just wanted to know who was organizing. Right, and that's because, again, and that's because he was not one of the leaders, I think, you know, and so they wanted to find out who were the leaders, who were the organizers of this demonstration. But if they didn't care about his political opinion or any of his opinions, then how can you say that they imputed a political opinion? Well, I believe that they did care about his opinions in terms of afterwards, after he was released, he had to report for, well, what he termed written, he termed re-education classes and what he stated in, orally as he called them, brainwashing sessions. And so clearly that, you know, he had expressed some opposition, that there were some thoughts or thinking that, you know, that the government was not happy with and therefore they had to turn those thoughts and that's why he had to attend these kind of classes. And that's why a lot of times, in the Ninth Circuit in Songha v. INS, they stated that many times the persecutor's conduct or statements may show that a political opinion is being imputed to their victims. And so in this case, it's not merely that he was arrested for this demonstration and then let go, but they continued to have interest in him by making him attend these re-education or brainwashing sessions. But they didn't amount to much, did they? He read the newspaper and cleaned up, that was what it was, wasn't it? Right, and I don't, it's true that he didn't, I guess, expound on what that means, but essentially he was forced to read government propaganda in the form of, you know, newspapers and such, again, to convert, I guess, his thinking into the way that it allegedly should be. The second issue in this case is whether or not the petitioner suffered any persecution. And in this case, again, we believe that that is so. He stated that he was beaten to the point of unconsciousness by the police. And again, thereafter, he had to continue to report for these re-education or brainwashing sessions. And so under a totality of circumstances, I believe that this rises to the level of persecution and it's not merely just a single incidence of harm. And so in this case, we believe that this is persecution on account of political opinion. And also let me quote the State Department report in which the State Department source says that the Constitution of China provides for peaceful assembly, but they may not challenge party leadership or infringe upon interests of the state, and that these types of demonstrations are quickly suppressed, especially when involving dissenting views. And so if the Constitution allows for peaceful assembly, then in this particular case, the police were brought in to suppress this particular demonstration. Again, by the conduct of the persecutors, there are dissenting views here. But they didn't have a permit, no? The record is not clear as to whether or not there was a permit or not. There is nothing on that particular issue as to whether or not there is a permit. And I see I have a minute left, so I will reserve that for rebuttal. Certainly. Thank you. Mr. Zaitlin. Good morning, Your Honors. May it please the Court. Ben Zaitlin on behalf of the Attorney General. Zhang's petition for review should be denied because the record does not compel a finding that he was harmed on account of any political opinion. Substantial record evidence supports the immigration judge's finding that Zhang, an unskilled laborer, was neither politically active or a member of any political party. While Zhang was arrested during his participation in a labor demonstration regarding reduced wages, he has failed to articulate any political opinion that he ever espoused. On the contrary, Zhang, in his asylum application, revealed that the arrest was not on account of any political opinion, but the fact that Chinese police authorities wanted to prevent a civil disturbance and maintain a social order. But the civil disturbance grows out of a labor dispute, right? Is that the origin of the, you know, the incipient disturbance? And they wanted to quell a labor demonstration, right? Well, Your Honor, that's not exactly correct based on Zhang's own asylum application. What he states is that about 60 workers participated in a labor demonstration regarding reduction in salary. One of the employees of that corporation came out and said, can you please quiet down or we're going to have to call the police. Then Zhang wrote that they continued to get louder. So then the police were called. Ten police officers came and the police said, you know, quiet down or we're going to have to break this up. And then Zhang wrote, so we got louder and louder. So then 20 police officers came and then proceeded to arrest 20 of the 60 protesters. And therefore, Zhang's own asylum application makes it abundantly clear that the police were simply attempting to quell a civil disturbance and an interruption of the workplace environment and did not impute or arrest him based on any political opinion that he actually had. If you go back in our own history, for instance, Eugene Debs was involved in a lot of civil disturbances, wasn't he? That's correct, Your Honor. So was Harry Bridges. Wouldn't you consider those if they have a political element? Well, Your Honor, to cite a more recent case, this circuit recently held that we're an individual, a leader of a protest regarding workplace safety in China brought a protest to City Hall. The court said that and was subsequently arrested. The court said that was not a political opinion. He was arrested because the police wanted to prevent a civil disturbance. We can say that any protest, whether legitimate or not, can have some political overtones or have some, you know, some tactics of civil disobedience. But in this circumstance where the Petitioner clearly did not have any political opinion was an unskilled laborer testified over and over again that he never believed ñ never espoused any political opinion. You're saying it's not possible for an unskilled laborer to hold a political opinion? I'm clearly not saying that, Your Honor. But I'm saying that as background that he was not a leader of this organization. He was simply ñ A political assignment is not reserved just for leaders, is it? That is absolutely correct. But in some of the cases in this circuit, it's been held that those individuals who actually led these demonstrations were found to have the political opinion, those who led demonstrations against government corruption. And this court has held that government corruption, where one is protesting that, that would be a political opinion. But the court has never held that where simply one is protesting a reduction in wages can this court impute a political opinion upon an individual. Just in furtherance, and in looking at the record, Zhang never testified that the police ever said that he had any sort of political opinion. It was simply that they were preventing civil unrest. And this was, again, just a dispute over pay. And it's hard to say that, as required by the Supreme Court, that in order to find that one has been persecuted on account of his political opinion, we must look at the motivation of those who are conducting the state action and those who are accused of the persecution. And here, there's no evidence whatsoever that the police action bore any resemblance to Mr. Zhang's political opinion or his imputed political opinion. If there are no further questions, the government rests at this time. Thank you. Thank you. Mr. Chair. Again, Your Honors, you know, again, in this particular instance, it's the actions of Mr. Zhang that expressed his political opinion, which is, again, his opposition to the state-owned employee's treatment of its workers. And that was espoused during his demonstration and essentially during his refusal to name the leaders of this demonstration. And, again, you know, in this particular case, Osorio, again, provides some sort of, I guess, persuasive evidence in this case when they talk about the workers' union or the government viewing a workers' demonstration as being subversive towards that government's power. And so that is why we believe that this is a case of political opinion. Thank you. Thank you, counsel. The matter just argued will be submitted.
judges: Adelman, Rymer, Tashima